MORRIS LEVERTON *et al. vs.* ARTHUR UNWIN *et al.*

NOVEMBER 7, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is before us on one exception only, taken by the plaintiffs to a decision by a justice of the superior court sustaining a motion by the defendant Arthur Unwin that as to him the writ by which the case was begun should be discharged and the attachment vacated. The ground upon which this motion was based and was sustained was that he was a resident of the state of Rhode Island, as alleged in the writ, and was not served with process in the case as required by general laws 1938, chapter 547, §11.

The case was begun by a writ of attachment against Arthur Unwin, of the city of Pawtucket, in this state, and John V. Price, of the city of Providence, doing business under the firm name of "Jac-Art Lace Works" in East Providence, Rhode Island. The deputy sheriff who had the duty of serving the writ served it upon the defendant Price, but did not serve it upon the defendant Unwin personally, or at his last and usual place of abode. As to him the sheriff made a return as follows: "The defendant Arthur Unwin having no last or usual place of abode in my precinct, and no place of address known or to be ascertained by me, I have made no further service of this writ." Thus it appears from the face of the writ and the return thereon that there was no service, as required by chap. 547, §11, in order to give the court jurisdiction over the defendant Unwin.

But the plaintiffs' counsel contend in effect that under the circumstances of this case no service of the writ upon that defendant was necessary to give the court jurisdiction over him; and in support of that contention they rely upon G. L. 1938, chap. 386, §1, in which it is provided, in substance and

effect, that no person or persons shall transact business in any town or city in this state under any assumed name or designation, unless such person or persons shall file, in the office of the clerk of such town or city, a certificate setting forth, under oath, the name under which such business is to be transacted and the real full name or names of such person or persons with the post-office address or addresses of such person or persons.

After careful consideration of the question raised by the plaintiffs' counsel and of their arguments thereon, we are of the opinion that the failure of the defendants in this case to comply with that statute did not relieve the plaintiffs from the necessity, in order to bring the defendant Unwin into this case, to have legal process duly served upon him according to the express requirements of G. L. 1938, chap. 547, §11.

The plaintiffs' exception is overruled, and the case is remitted to the superior court for further proceedings.

*McKiernan, McElroy & Going, Peter W. McKiernan, John S. McKiernan, John C. Going,* for plaintiffs.

*Harry J. Weisman,* for defendant Arthur Unwin.